**NATALIE K. WIGHT, OSB # 035576**
United States Attorney
District of Oregon
**SUSANNE LUSE, OSB # 142489**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
Susanne.Luse@usdoj.gov
Telephone: (503) 727-1000
　　　　Attorneys for the United States

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM THE LOCAL COURT IN PANKOW, GERMANY | CASE NO.: 3:24-cv-00682<br><br>APPLICATION FOR ORDER APPOINTING COMMISSIONER AND COMPELLING DISCOVERY |

## APPLICATION

　　The United States of America, by Natelie K. Wight, U.S. Attorney for the District of Oregon, through Susanne Luse, Assistant U.S. Attorney (the "Government"), petitions the Court pursuant to 28 U.S.C. § 1782 for an order appointing a magistrate judge or AUSA Luse as commissioner, and compelling Rupert Victor Wild ("Respondent") to produce evidence for use in

Page 1　　Application for Order Appointing Commissioner

a proceeding pending before a Local court in Pankow, Germany.

## INTRODUCTION

The United States is party to a multilateral treaty to assist judicial authorities in fellow signatory states in need of evidence located in the United States.  *See* The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, *opened for signature* Mar. 18, 1970, T.I.A.S. No. 7444, 23 U.S.T. 2555, 1972 WL 122493, *entered into force as to the United States* Oct. 7, 1972 (hereinafter the "Hague Evidence Convention" or the "Convention").[1]  This application aims to meet the Government's treaty obligations.

A Local court in the Federal Republic of Germany has requested evidence pursuant to the Hague Evidence Convention.[2]  Specifically, the German court seeks the testimony of Respondents.  The information is subject to no apparent legal privilege and would be discoverable in domestic litigation.  However, Respondents have failed to respond voluntarily. The Government therefore asks the Court to issue an order pursuant to 28 U.S.C. § 1782 appointing a magistrate judge or AUSA Luse as commissioner, and compelling Respondent's response to the German court's request.

---

[1] The Hague Evidence Convention is reproduced as Exhibit B.

[2] The German court's request, officially translated by a sworn and certified court translator, is attached as Exhibit A.

Page 2      Application for Order Appointing Commissioner

## FACTS

The Local court in Pankow, Germany is currently seized of a matter of circumstances of paternity of a minor child. *See* Ex. A, at 3. The German court requests the genetic information and identity evidence of Respondent. *See id.* To assist in the pending action, the German court has requested the following information from Rupert V. Wild:

1. Buccal swab

2. Photo I.D.

3. Fingerprint

4. Photograph

5. In the alternative, voluntary admission of paternity.

On or about August 3, 2023, the German court sent its request to the U.S. Department of Justice, Civil Division, Office of International Judicial Assistance ("OIJA"), which serves as the central authority for the United States under the Hague Evidence Convention. *See* Ex. C, at 1; *cf.* 28 C.F.R. § 0.49(b). After confirming the German court's request was properly executable, the OIJA delegated the request to the U.S. Attorney's Office for the District of Oregon ("USAO"), the federal judicial district where the respondents are located. *Id.* The OIJA instructed the USAO to seek voluntary compliance from the Respondent and, in the absence of voluntary compliance, apply for an order pursuant to 28 U.S.C. § 1782 to compel

compliance with the German court's lawful Hague Evidence Convention request.  *See* Ex. C.

## ARGUMENT

I. **The Hague Evidence Convention Requires the Government to Help German Courts to Obtain Evidence Located in the United States for Use in Judicial Proceedings in the Federal Republic of Germany**

The Hague Evidence Convention permits a judicial authority of a contracting state to request evidence for use in a judicial proceeding from the competent authority of another contracting state.  *See* Ex. B, art. 1.  In executing a request, the Convention requires the receiving state to "apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings."  *Id.* art. 10.

The United States and the Federal Republic of Germany are both signatory states to the Hague Evidence Convention.  The United States ratified the Convention on August 8, 1972, and it entered into force on October 7, 1972.  *See* 23 U.S.T. 2555, T.I.A.S. No. 7444, 1972 WL 122493; *see, e.g., In re Futurecorp Int'l Pty Ltd.*, 2012 WL 5818288 (N.D. Cal. 2012) (granting *ex parte* application for discovery pursuant to Hague Convention request for international judicial assistance and 28 U.S.C. § 1782).  The

Federal Republic of Germany ratified the Convention on April 27, 1979. *See* Hague Conference on Private International Law, *Status Table for Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at

https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited March 27, 2024).

The German court's request complies with the Convention's requirements because it includes the following four pieces of information:

1. The requesting authority's identity;
2. The names and addresses of the parties to the proceedings and their representatives;
3. The nature of the proceedings for which the evidence is required; and
4. The evidence to be obtained.

*See* Ex. B, art. 3.

In this case, the request indicates that the Local court in Pankow, Germany is currently considering the matter of paternity of a minor child. The request includes the addresses of the parties and their representatives, and specifies the evidence to be obtained. *See* Ex. A.

The Government can refuse a proper Hague Evidence Convention request only if the request "does not fall within the functions of the judiciary"

Page 5      Application for Order Appointing Commissioner

or the Government "considers that its sovereignty or security would be prejudiced" by executing the request.  *See* Ex. B, art. 12.  Neither exception applies here.  *See* Ex. C.  Simply put, the request seeks evidence that is routinely discoverable in domestic litigation. *See* Fed. R. Civ. P. 26(b)(1); *see also Patten v. Hall, No.* 2017 WL 6062258, at *6 (E.D.N.C. Dec. 7, 2017) (noting "routine" nature of Rule 26 interrogatories).  If Respondents have no responsive information, they can attest to that fact.

## II.  Federal Law Enables the Court to Order Respondents to Respond to the German Court's Request for Testimony

Independent of the Hague Evidence Convention, federal law authorizes the Court to issue a discovery order in aid of foreign proceedings.  *See* 28 U.S.C. § 1782; *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 247-249 (2004) (discussing the history, purpose, and text of 28 U.S.C. § 1782). A § 1782 request is proper if:

1. The request or letters rogatory is made by a foreign or international tribunal or other interested person;
2. The request is made to the district court of the district in which the target person resides; and
3. The request seeks the target person's testimony or statement, the production of documents, or other thing for use in a proceeding in a foreign or international tribunal.

*See* 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 246; *In re Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103, at *4 (D. Nev. May 28, 2015) (reciting the three elements of 28 U.S.C. § 1782).

The foreign request is proper in this case. It is duly made by a Local court of the Federal Republic of Germany; it is directed to Respondents that reside in the District of Oregon; and it seeks evidence for use in proceedings pending in the German court. The Court thus has discretion to issue an order to aid the German court. *See Intel*, 542 U.S. at 246.

The Court should exercise its discretion to order discovery in aid of the German court's proceeding. The Supreme Court identifies four factors district courts should consider when ruling on a § 1782 application: (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent § 1782; (2) the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign court to U.S. federal court assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the subpoena contains unduly intrusive or burdensome requests. *See Intel*, 542 U.S. at 264-265; *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011).

All four factors weigh in favor of ordering discovery. First, the German court has no jurisdiction over Respondents in Oregon, and thus cannot obtain

the requested evidence without § 1782 assistance.  Second, the request was made pursuant to the Hague Evidence Convention that the Federal Republic of Germany ratified, establishing that the German court is receptive to U.S. federal court assistance and acting consistent with German law.  Finally, the request is limited in size and scope, seeking only specific information and evidence to the outcome of the foreign court proceeding.  It is far from unduly intrusive or burdensome.

As for procedure, the Court has discretion to commission a person to collect evidence and submit it to the requesting foreign court.  *See* 28 U.S.C. § 1782(a) ("The order may . . . direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.").  The court-appointed commissioner can "administer any necessary oath and take the testimony or statement." *Id.* District courts regularly commission magistrate judges to execute § 1782 requests.  *See, e.g.*, H. Doc. No. 92-124, 92d Cong., 1st Sess., p.20 (1971) (noting that the appointment of commissioners for purposes of executing foreign evidentiary requests is common and approved by the Judicial Conference).  This district has previously appointed Assistant U.S. Attorneys to collect evidence from individual Respondents to comply with a Hague Evidence Convention request.  *See In re Letter of Request from District Court in Kusel, Germany*, No. 1:22-cv-01009-CL, Dkt. 3, Opinion and Order (D. Or.

Page 8     Application for Order Appointing Commissioner

Oct. 5, 2022).

## CONCLUSION

The Local court in Pankow, Germany needs the Court's assistance to obtain evidence from Respondents for use in a pending civil action in the Federal Republic of Germany. The Court is authorized by treaty and by statute to appoint a commissioner and direct Respondents to provide evidence in aid of the foreign proceeding. Because the German court's request satisfies the elements of both the Hague Evidence Convention and 28 U.S.C. § 1782, the Government respectfully asks for an order appointing a commissioner and compelling Respondents to respond to the Federal Republic of Germany court's request.

DATED this 22nd day of April 2024.

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney
District of Oregon

*/s/ Susanne Luse*
SUSANNE LUSE
Assistant U.S. Attorney