UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

IN RE LETTER OF REQUEST FROM THE
LOCAL COURT IN PANKOW, GERMANY,

Case No. 3:24-cv-00682-AR

**ORDER**

_____

**ARMISTEAD, Magistrate Judge**

Petitioner United States of America has filed an ex parte Application for an Order Appointing Commissioner and Compelling Discovery (ECF No. 1) as permitted by the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (Hague Evidence Convention) and 28 U.S.C. § 1782, to compel respondent Rupert Victor Wild to produce evidence for use in a proceeding before a local court in Pankow, Germany (German Local Court). After considering the Application, the supporting materials, and the relevant legal authority, the Application is GRANTED.

BACKGROUND

The German Local Court has requested evidence for assistance in family court litigation seeking to establish the paternity of a minor child. (*See* Appl., Ex. A at 3, ECF No. 1-1.) The

Page 1 – ORDER

German Local Court requests the genetic information and identity evidence of Wild, including the following:

1. Buccal Swab
2. Photo I.D.
3. Fingerprint
4. Photograph
5. In the alternative, voluntary admission of paternity.

(*Id.* at 4.) The information, the German Local Court asserts, is not subject to an apparent legal privilege and would be discoverable in domestic litigation.

On August 30, 2023, the German Local Court sent its request to the United States Department of Justice, Civil Division, Office of International Judicial Assistance (OIJA), which serves as the central authority for the United States under the Hague Evidence Convention. (Appl., Ex. C at 1, CCF No. 1-3); *see also* 28 C.F.R. § 0.49(c). After confirming the request was executable, the OIJA forwarded the request to the United States Attorney's Office for the District of Oregon (USAO), the federal district where Wild is located. The OIJA instructed the USAO to seek Wild's voluntary compliance, or alternatively, obtain an order under 28 U.S.C. § 1782 appointing AUSA Luse as commissioner and to compel Wild's response to the German Local Court's request. (Appl. at 3, ECF No. 1.) Thus far, Wild has failed to provide the information voluntarily.

Although ex parte motions are typically disfavored, they are acceptable with § 1782 applications because that statute provides procedural safeguards for respondents, who are given an opportunity to quash the subpoena. *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*,

539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte" as the "witnesses can raise objections and exercise their due process rights by motions to quash the subpoenas." (simplified)); *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) ("It is common for parties to file ex parte applications, as parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." (simplified)). Therefore, the court considers the application without a response from Wild.

## DISCUSSION

**A.** *Hague Evidence Convention*

The United States and Germany are signatories to the Hague Evidence Convention,[1] which allows a signatory nation to use the judicial process of another signatory nation to facilitate requests for judicial assistance. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa,* 482 U.S. 522, 524 (1987) (stating that the Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state").

The German Local Court's request complies with the Convention's requirements because it includes the following four pieces of information:

1. The requesting authority's identity;

2. The names and addresses of the parties to the proceedings and their representatives;

---

[1] *See Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited May 1, 2024) (identifying signatory countries).

      3.      The nature of the proceedings for which the evidence is required; and

      4.      The evidence to be obtained.

(*See* Ex. B at 1, art. 3, ECF No. 1-2 (stating requirements for Letters of Request).)

Here, the German Local Court in Pankow, Germany is currently considering the paternity of a minor child, and the request includes the addresses of the parties and their representatives and the evidence to be obtained. (Appl., Ex. A, ECF No. 1-1.) The Government may refuse a proper Hague Evidence Convention request only if it "does not fall within the functions of the judiciary" or the Government "considers that its sovereignty or security would be prejudiced" by executing the request. Neither exception applies here. The request seeks the type of evidence that is routinely discoverable in family court litigation. *See Ashby v. Mortimer*, 329 F.R.D. 650, 655 (D. Idaho 2019) (granting motion to compel paternity test); *State ex rel. Dep't of Justice & Div. of Child Supp. v. Spring*, 201 Or. App. 367, 373 (2005) (holding DNA testing by buccal swab was reasonable administrative search in action to establish paternity and child support), *rev. denied* 340 Or. 483 (2006). Accordingly, the Application satisfies the requirements of the Hague Evidence Convention.

**B.**    *Federal Law*

In addition the Hague Evidence Convention, a district court is permitted by 28 U.S.C. § 1782(a) to grant a request for judicial assistance. Section 1782(a) provides in relevant part:

> The district court of the district in which a person resides or is found may order him . . .  to produce a document or other thing for use in a proceeding in a foreign or international tribunal …. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or

> statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). This language has been distilled to three requirements: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

The foreign request is proper here. Wild resides in the District of Oregon; the German Local Court seeks evidence for use in a pending proceeding there; and the application is made by a foreign tribunal. *See, e.g.*, *In re Letter of Request from Local Court in Kusel, Germany*, Case No. 1:22-cv-01009-CL, 2022 WL 5142753, at *3 (D. Or. Oct. 5, 2022) (applying statutory requirements). Thus, the statutory requirements are satisfied.

Even when the statutory requirements are met, § 1782 "leaves the issuance of an appropriate order to the discretion of the court[.]" *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260-61 (2004); *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002) ("Congress gave the federal district courts broad discretion to determine whether, and to what extent, to honor a request for assistance under 28 U.S.C. § 1782.") The court weighs four discretionary factors, known as the "*Intel* factors":

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government to U.S. federal-court assistance; (3) whether the discovery request is an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the discovery is unduly intrusive or burdensome.

*Husayn v. Mitchell*, 938 F.3d 1123, 1129 n.9 (9th Cir. 2019) (citing *Intel*, 542 U.S. at 264-65), *rev'd and remanded sub nom. United States v. Zubaydah*, 595 U.S. 195 (2022).

All four *Intel* factors weigh in favor of granting the request. First, the German Local Court does not have jurisdiction over Wild in Oregon and cannot obtain the requested evidence absent assistance under § 1782. Second, this *Intel* factor looks to whether the foreign tribunal is "willing to consider the information sought." *In re Application*, Case No. 3:23-mc-00841-AN, 2024 WL 35454, at *2 (D. Or. Jan. 3, 2024). The request here was made under the Hague Evidence Convention, which the Federal Republic of Germany has ratified, demonstrating that the German Local Court is receptive to U.S. federal court assistance. *In re Letter of Request from Local Court in Kusel, Germany*, 2022 WL 5142753, at *4. Third, the court has no reason to believe that the petitioner is attempting to circumvent German proof-gathering policies. And fourth, the requested information is limited in size and scope and seeks specific evidence relevant to the foreign family court proceeding, and thus is not unduly intrusive or burdensome.

As for procedure, the Court has discretion to commission a person to collect evidence and submit it to the requesting foreign court. *See* 28 U.S.C. § 1782(a) ("The order may . . . direct that . . . the document or other thing be produced, before a person appointed by the court."). The court-appointed commissioner can "administer any necessary oath and take the testimony or statement." *Id.* District courts regularly commission magistrate judges to execute § 1782 requests. *See, e.g.*, H. Doc. No. 92-12 (92d Cong., 1st Sess., p.20 (1971) (noting that the appointment of commissioners for purposes of executing foreign evidentiary requests is common and approved by the Judicial Conference)). This district has previously appointed AUSAs from the district to collect evidence to comply with Hague Evidence Convention requests. *See, e.g.*, *In*

*re Letter of Request from Local Court in Kusel, Germany*, 2022 WL 5142753, at *4; *In re Letter Request from District Court in Piaseczno, Poland*, Case No. 3:19-cv-01968-YY, Order (ECF No. 4). Therefore, the court appoints AUSA Luse to obtain the requested information from Wild.

In summary, the court finds that petitioner has established the requirements of the Hague Evidence Convention, has satisfied the statutory requirements of 28 U.S.C. § 1782, and the discretionary *Intel* factors weigh in favor of granting the Application.

## CONCLUSION

For the above reasons, petitioner's Application (ECF No. 1) is GRANTED and appoints AUSA Susanne Luse as Commissioner, and authorizes AUSA Luse to obtain the requested information from respondent. A copy of this order shall be included with the subpoena, which must include a return date of at least 21 days to allow respondent an opportunity to contest the subpoena.

ORDERED: May 2, 2024.

_____
JEFF ARMISTEAD
United States Magistrate Judge